UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER LEE CHAMBERS,<br><br>　　　　Defendant. | No. CR 03-20133 JW<br><br>**STIPULATION AND [PROPOSED]<br>ORDER RE: ADDITIONAL TERMS OF<br>SUPERVISED RELEASE** |

　　　　On December 6, 2010, this Court revoked and reinstated the defendant's term of supervised release for one additional year, and imposed additional conditions of supervision. Pursuant to stipulation of the Probation Office and the parties, as set forth below, the Court hereby imposes the following additional conditions:

　　　　1.　　All computers, computer-related devices, including, but not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other

STIPULATION AND [PROPOSED] ORDER
RE: ADDITIONAL TERMS OF
SUPERVISED RELEASE
No. CR 03-20133 JW　　　　　　　　　　　　　1

computers, or similar media and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, Internet, satellite, and the like, as requested by the Probation Officer.

2. The defendant shall participate in a sex offender treatment program, as directed by the Probation Office. The defendant shall abide by all rules, requirements, and conditions of such program, including, but not limited to, polygraph, which shall be administered in compliance with <u>U.S. v. Antelope</u>, 395 F.3d 1128 (9th Circuit 2005), meaning that the defendant shall be given use immunity. The treatment shall not include the use of a plesthysmograph. The Probation Office shall disclose the presentence report and/or any previous mental health evaluations or reports in the possession of the Probation Office to the treatment provider.

3. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment, as directed by the Probation Officer.

4. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8).

5. The defendant shall not possess or use a computer or computer-related devices, including, but not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media with access to any online service at any location (including his place of employment), without the prior approval of the Probation Officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. The defendant shall not have another individual access the Internet on his behalf to obtain files or information which he has been restricted from accessing himself, or accept restricted files or information from another person.

6. The defendant shall submit his person, residence, office, vehicle, computer, other electronic communication or data storage devices or media, and effects or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

7. The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed.

8. The defendant shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and Internet service providers (ISPs), as approved by the Probation Officer. Computers and computer-related

      devices include, but are not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media.

Finally, in the event that the Probation Office does not permit the defendant to access certain online accounts (such as email accounts and social networking accounts), the defendant's adult son is permitted to access those accounts, outside the presence of the defendant, solely for the purpose of keeping the accounts active.

STIPULATED:

Dated: 12/13/10

        /s/
LARA S. VINNARD
Assistant Federal Public Defender

Dated: 12/13/10

        /s/
JOHN N. GLANG
Assistant United States Attorney

Dated: 12/13/10

        /s/
SONIA LAPIZCO
U.S. Probation Officer

IT IS SO ORDERED.

Dated: December 15, 2010

JAMES WARE
United States District Judge

STIPULATION AND [PROPOSED] ORDER
RE: ADDITIONAL TERMS OF
SUPERVISED RELEASE
No. CR 03-20133 JW        4